UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELODY ANNE RECKTENWALD,<br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C2:13-CV-01925-RAJ-JLW<br><br>REPORT AND RECOMMENDATION |

BASIC DATA

Type of benefits sought:

( ) Disability Insurance

(X) Supplemental Security Income

Plaintiff's:

Sex: Female

Age: 18 at alleged onset date, 28 at ALJ hearing

Principal Disabilities Alleged by Plaintiff: PTSD, depression, anxiety, fibromyalgia (with panic attacks, migraines, sleep difficulty, pain, difficulty handling, Irritable Bowel Syndrome)

Disability Allegedly Began: January 1, 2002 (when she attained age 18)

Principal Previous Work Experience: food service and cashier

Education Level Achieved by Plaintiff: several years of college at Washington State University, majoring in primary education

PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ Glen Meyers:

Date of Hearing: March 29, 2012, hearing transcript AR 42-72

Date of Decision: May 25, 2012

Appears in Record at: AR 22-35

Summary of Decision:

> Claimant has not engaged in substantial gainful activity since her alleged onset date, January 1, 2002; she has severe impairments of anxiety disorder NOS, PTSD, mood disorder, and personality disorder NOS. Her impairments, even in combination, do not qualify under the Listings.
>
> She has the RFC to perform a full range of work at all extertional levels, subject to certain nonexertional limitations including performing simple, repetitive tasks with occasional contact with supervisors and coworkers, but no contact with the general public. She would be absent from work one day per month.
>
> She cannot perform any of her past relevant work. The testimony of the vocational expert identified examples of two jobs she can perform: motel cleaner and routing clerk. This establishes she can perform substantial work which exists in the national economy and requires a finding of "not disabled."

Before Appeals Council:

Date of Decision: August 23, 2013

Appears in Record at: AR 1-3

Summary of Decision: declined review

PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff (X) Commissioner

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

(X) Reverse and remand to the ALJ for further administrative proceedings.

SUMMARY OF RECOMMENDATION

The ALJ committed error in several important and harmful respects. Despite diagnosis or ongoing treatment for fibromyalgia from a board-certified rheumatologist, two Advanced Registered Nurse Practitioners, two reviewing physicians, and Plaintiff's treating physician, the ALJ in this case found fibromyalgia neither a severe impairment nor a medically determinable impairment. The ALJ also did not credit Plaintiff's pain complaints. In addition, the ALJ did not factor any pain or exertional limitations into Plaintiff's RFC. The resulting RFC was not based on substantial evidence and the finding of "not disabled" based upon that RFC is was not valid. The court should remand the case for redetermination of the RFC, and for a new finding as to disability.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.

EVALUATING DISABILITY

The claimant, Ms. Recktenwald, bears the burden of proving she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do his previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the

national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

ISSUES ON APPEAL

1. Did the ALJ err in assessing Plaintiff's severe impairments?
2. Did the ALJ err in assessing Plaintiff's credibility?
3. Did the ALJ err in assessing Plaintiff's RFC?
4. Were the ALJ's errors harmless?

Dkt. No. 16.

DISCUSSION

***Fibromyalgia as a Severe Impairment/Medically Determinable Impairment***

Despite a fairly thorough discussion of Plaintiff's complaints and medical evidence regarding fibromyalgia, the ALJ erred in finding it not a severe impairment or a medically determinable impairment at step two of the sequential evaluation. The ALJ concluded that although Plaintiff was diagnosed with fibromyalgia by two physicians, it was not a medically determined impairment. The ALJ found the evidence did not support her allegations, in part because some of the medical references to fibromyalgia refer to her subjective complaints. Neither logic nor the record supports this conclusion. Plaintiff has multiple diagnoses of fibromyalgia including from her treating physician, Dr. Wong (AR 412, 421), two state agency reviewing doctors (AR 331), two Advanced Registered Nurse Practitioners (AR 259, 264),

and, significantly, from a specialist: board-certified rheumatologist, Dr. Wemple (AR 496). Thus, fibromyalgia has been medically determined, several times over. Furthermore, she was treated for fibromyalgia on an ongoing basis; she received injection treatments and was prescribed multiple medications for treatment of her pain symptoms. Providers suggested she try other relief measures but she could not afford them. Plaintiff testified the trigger point injections provided minimal relief but caused pain and other side effects, so she discontinued them. AR 47-48. With the limited success of the medication and treatments Plaintiff considered (on physician recommendation at Swedish Pain Center) that she undergo the more extreme Methadone treatment for her pain. Dr. Wong, her treating physician, noted she would support this treatment, although she recommended Plaintiff not go through with it because it might label her as an addict and the results are not guaranteed. AR 416. In light of this and other ample evidence in the record, the court finds substantial evidence does not support the ALJ's conclusions that the references to fibromyalgia are primarily based on Plaintiff' subjective complaints, and that fibromyalgia was neither medically determinable nor a severe impairment.

***The ALJ Made a Harmful Error in not Finding Fibromyalgia Severe***

At step two the ALJ found only severe <u>mental</u> impairments but no severe physical impairment, fibromyalgia or otherwise. While an error at step two is not necessarily harmful, in Ms. Recktenwald's case it is harmful because it the ALJ's analysis at subsequent steps did not remedy the error. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ committed harmless error in failing to include a severe impairment at step two where that impairment's limitations were factored into the RFC); *Burch v. Barnhart*, 400 F.3d 676, 682, (9th Cir. 2005) (Harmless error where the ALJ omitted obesity as a severe impairment but nonetheless

factored resulting limitations into the RFC determination).  Here, in no subsequent step did the ALJ consider the effects fibromyalgia has on Plaintiff's RFC.  Even in assessing Plaintiff's credibility, the ALJ only discussed her mental symptoms and did not discuss her alleged physical and pain symptoms or limitations.  The ALJ then formulated an RFC based only on mental (nonexertional) limitations and included no physical (exertional) limitations.  Based on that RFC the ALJ found Plaintiff could perform the representative jobs of "motel cleaner" and "routing clerk."  The ALJ specifically noted that certain limitations were intentionally not included in Plaintiff's RFC "particularly considering my finding that fibromyalgia was either not medically determinable or nonsevere."  AR 34, note 1.

Defendant attempts in her brief to justify why the error at step two is harmless.  But the arguments regarding step three listings (to date there is no fibromyalgia listing) and the representative "light work" jobs given by the VE do not touch upon the fact that the ALJ did not give credence to an iota of Plaintiff's severe pain allegations and did not include a single exertional limitation in her RFC.  This, despite the list of treating physicians, nurse practitioners, and a board-certified rheumatologist who believe Plaintiff suffers from fibromyalgia.  Because no exertional, pain, or fibromyalgia-related limitations appear in her RFC, the error is clearly harmful.

Plaintiff additionally argues a newer Social Security Ruling is relevant in her case, if only for demonstration of the ALJ's error in analysis regarding fibromyalgia.  SSR12-2p provides guidelines for fibromyalgia.  But that Ruling was issued in July 2012, after the ALJ's May 2012 decision, and thus did not apply to the original decision in this case.  The Ruling provides for alternate sets of criteria under which a claimant may be found to have a medically determinable impairment of fibromyalgia.  *See* SSR 12-2P, 2012 WL 3104869.  Plaintiff argues the new Ruling's criteria are more inclusive than the ALJ's narrow analysis, but that she

meets either standard. Plaintiff outlines facts of her medical evidence to demonstrate she meets the Ruling's criteria. However, the court need not reach this issue because the Ruling did not exist at the time of the ALJ's decision. In sum, based on the medical evidence of record and Plaintiff's pain testimony, the ALJ's omission of fibromyalgia as a severe impairment at step two was error, and was harmful because the ALJ included no fibromyalgia-related limitations in Plaintiff's RFC.

On remand the ALJ should deem Plaintiff's fibromyalgia to be a medically determinable and a severe impairment. In determining Plaintiff's RFC, the ALJ should factor in all of Plaintiff's severe, medically determined impairments and resulting limitations, both exertional and nonexertional, including fibromyalgia. If necessary, the ALJ should seek expert medical opinion testimony and/or seek an independent medical evaluation regarding Plaintiff's limitations specifically resulting from her fibromyalgia symptoms. Such expert evaluation should include a thorough review of her medical records.

***Plaintiff's Credibility Regarding Her Symptom Severity***

Pain is a primary symptom allegation in this case. Plaintiff argues her complaints of pain, although waxing and waning at times as is characteristic of fibromyalgia, are consistent across her longitudinal treatment record.

As explained by the court in *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998): "…the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990). Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to the

severity of symptoms merely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan* 947 F.2d 341, 343 (9th Cir.1991) (en banc)." Here, after concluding Plaintiff's testimony as to fibromyalgia was unsupported by medical evidence, it was discredited in its entirety because it was not discussed in this context. Defendant's brief attempts to gloss over this fact in merging the ALJ's comments regarding fibromyalgia with the ALJ's reasoning for discrediting her mental symptoms and her subjective pain complaints, suggesting the court "infer" the ALJ's reasoning. *See* Dkt. 17 at 11-13.

In the ALJ's actual credibility analysis, referring to the requirements of 20 C.F.R. §416.929, the ALJ notes: "[i]n considering the claimant's symptoms, I must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)…Second…I evaluate the intensity, persistence, and limiting effects of the claimant's symptoms…whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must make a finding on the credibility of the statements based on consideration of the entire case record." AR 29.

Thus, as an initial problem, the court notes that the two-step analysis the ALJ starts from is flawed because the ALJ did not include fibromyalgia as a medically determinable impairment, as discussed above. Next, the ALJ did not "make finding[s] on the credibility of the statements based on consideration of the entire case record" because he did not include any analysis of Plaintiff's "functionally limiting effects of pain or other symptoms" regarding her fibromyalgia testimony. The ALJ discussed Plaintiff's fibromyalgia evidence at step two, but focused on whether it was medically determined, and did not focus on the severity of Plaintiff's pain or her symptom allegations. This is in error because subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical

evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citations omitted). This is exactly what the ALJ did in finding fibromyalgia was not medically determined. Then, instead, the ALJ focused the credibility analysis solely on Plaintiff's alleged mental symptoms and found her not credible as to those.

***Plaintiff's Credibility Regarding her Alleged Mental/Psychiatric Limitations***

The ALJ determined that Plaintiff's subjective mental symptoms are not supported by objective evidence. AR 29. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony about the severity of her symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, there is no evidence of malingering cited by the ALJ or hinted at from any provider; Plaintiff has no history of substance abuse and no criminal background. The record indicates Plaintiff was a straight-A high school student and a college student majoring in primary education but is now alternating between being homeless and living in subsidized housing. The clear and convincing standard applies.

The ALJ gives two main reasons for finding Plaintiff's symptom allegations not fully credible: (1) the medical record fails to substantiate her mental symptoms and limitations; and (2) her activities show greater mental functioning ability than alleged. AR 31. Plaintiff argues the evidence the ALJ's supporting evidence is exaggerated and taken out of context. For example, she does occasionally participate in normal activities such as going grocery shopping or to the movies, but does it infrequently. The record indicates that as a result of sexual assault as an adult, she is afraid to go out, afraid of people, hyper vigilant, anxious, and depressed. Plaintiff notes that the ALJ cites evidence supporting her mental capabilities or cognition, and

that she has been found cooperative —but she does not claim to have cognitive limitations or psychosis; she alleges depression, PTSD, panic attacks, and anxiety. The ALJ instead relied on examining psychologist, Dr. Moon, who found only moderate limitations and assigned a GAF of 55. AR 32, 257. Plaintiff asserts evidence submitted to the Appeals Council in support of her arguments here.

As to new evidence, the issue is whether the later-acquired evidence undermines substantial evidence supporting the ALJ's decision. *See Brewes v. Comm'r. Soc. Sec. Admin*., 682 F.3d 1157, 1163 (9th Cir. 2012) ("When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."). However, here, the court finds other aspects of the ALJ's decision are not supported by substantial evidence and remands for further proceedings on those issues. The court notes Drs. Czysz' and Widlan's opinions that Plaintiff is limited in her ability to perform in certain areas appears to support Plaintiff's argument here. Both Drs. Czyz and Weidlan performed psychiatric evaluations of Plaintiff and opined she is markedly or severely limited in several categories of functioning, with GAF scores of 44 and 40, consistent with Plaintiff's allegations. AR 503-514. Their opinions were not in the record before the ALJ but were before the Appeals Council and are now part of the administrative record for this case. Therefore, on remand, the ALJ will have the opportunity to review this additional evidence in reformulating Plaintiff's RFC. On remand, the ALJ should consider Drs. Czysz' and Widlan's opinions, particularly in light of Plaintiff's fibromyalgia symptoms, and explain the weight they are accorded.

The court finds the ALJ did not provide clear and convincing reasons for discrediting Plaintiff's mental symptom allegations and did not give any reason for discrediting her excess

pain symptoms. Therefore the court (and the ALJ) should credit Plaintiff's pain and other symptom testimony as true. *See Garrison v. Colvin*, _F.3d_ (9th Cir. 2014) WL 3397218 at *19 ("…where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, we will ... take that testimony to be established as true.") (citations omitted). Crediting Plaintiff's testimony in that regard as true, the ALJ should factor corresponding limitations into her RFC, on remand.

***ALJ Bias***

Plaintiff contends the ALJ's treatment of Plaintiff's fibromyalgia is evidence of bias against persons suffering from fibromyalgia and therefore requests remand to a different ALJ, other than ALJ Meyers. Dkt. 16 at 15-16. From the court's review of the ALJ's decision, however, no such bias is evident. The fact that an ALJ (or any judge) rules against a claim does not establish bias against the party, or generally against persons making similar claims. But in any event, the responsibility for supervising ALJs, and for assigning cases to them, falls to the Commissioner, not to this court. Plaintiff may address her arguments on this issue to the Commissioner.

CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative proceedings.

On remand, the ALJ should:

1. Reassess Plaintiff's severe impairments at step two, including a finding that Plaintiff's fibromyalgia is a medically determinable impairment and a severe impairment;

2. Weigh and consider the additional opinions of Drs. Czysz and Widlan;

3. Credit-as-true Plaintiff's pain and other symptom allegations;
4. Determine what limitations are associated with Plaintiff's fibromyalgia and other severe impairments, securing additional expert opinion if necessary;
5. Formulate a new RFC based on the record and corrections as discussed above;
6. Consult a vocational expert to determine whether there are jobs Plaintiff could perform based on the revised RFC.

A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect the parties' right to appeal. If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 4th day of September, 2014.

JOHN L. WEINBERG
United States Magistrate Judge